IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DENNIS COX,
Inmate No. L69490,
    Plaintiff,

vs.                                    Case No. 5:17cv32/MCR/EMT

B. LOPEZ, et al.,
    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's amended civil rights complaint filed pursuant to 42 U.S.C. § 1983 (ECF No. 14). Leave to proceed in forma pauperis has been granted (ECF No. 6). Plaintiff is a prisoner of the Florida Department of Corrections currently incarcerated at Graceville Correctional Facility.

Because Plaintiff is proceeding in forma pauperis, the court must review the complaint and dismiss it if satisfied that the action "is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having conducted a thorough review, the court is satisfied that this action is malicious and thus recommends dismissal under section 1915(e)(2)(B)(i).

Section IV of the complaint form requires Plaintiff to disclose information regarding prior civil cases he filed in state and federal court (ECF No. 14 at 4–7). In Question B of Section IV, which requests information regarding any previous cases Plaintiff might have filed in federal court that deal with the same or similar facts as those in the instant action, Plaintiff answered "yes" to the question, and identified three cases: Cox v. Pride Enterprises, 4:13-cv-00399-RH-CAS; Cox v. Miller, 5:17-cv-00007-MW-CJK; and Cox v. Nichols, 5:17-cv-00045-MCR-CJK.

Question D of Section IV asks, "Have you ever had any actions in federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service?" (*id*. at 6). Plaintiff answered "yes" to this question and identified the same three cases identified above (*id*. at 6–7).

Thus, in effect, Plaintiff has stated that he has filed three previous federal cases with this court, as identified in Questions B and D, that which were either the same or similar to the instant case or were dismissed as frivolous or malicious, for failing to state a proper claim, or prior to service.

At the end of the civil rights complaint form, Plaintiff signed his name after the following statement on the form: "**I DECLARE UNDER PENALTY OF PERJURY**

THAT THE FOREGOING STATEMENTS OF FACT, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT" (ECF No. 14 at 10).

As routinely recognized by this court, the information from Section IV of the form is useful to the court in many ways:

> . . . it allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the Prison Litigation Reform Act; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the Prison Litigation Reform Act.

Spires v. Taylor, Order of Dismissal, Case No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000). Further, because prisoner plaintiffs generally proceed pro se, the information helps the court determine their litigation experience and familiarity with the legal terrain of the current action. The time spent verifying the cases a plaintiff has filed but failed to identify, as well as the dispositions of those cases, can be considerable.

This court takes judicial notice that in 2012 Plaintiff had previously filed at least two cases in the United States District Court for the Southern District of Florida. They are Cox v. Ballante, Case No. 10-61536-Civ-Dimitrouleas, and Cox v.

Weissman, Case No. 10-61597-Civ-Cooke.[1]  Both were filed and dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.  *See* Case No. 10-61536-Civ-Dimitrouleas at Doc. 9; Case No. 10-61597-Civ-Cooke at Doc. 9.  Because they were dismissed in this manner these cases should have been disclosed in response to Question D of Section IV.  Additionally, since these cases were dismissed at least in part for being in the nature of habeas corpus, the cases should also have been disclosed in response to Question C of Section IV, which requests all cases "that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement . . . ." (ECF No. 14 at 6).

As stated earlier, disclosure of these previously filed cases helps in a number of ways, including the consideration of whether the prisoner is subject to the "three strikes" provision of the Prison Litigation Reform Act.  That concern is born out in the instant case because, taken in sum, Plaintiff's disclosed and undisclosed cases add up to three strikes.  Hence, even if Plaintiff's case were not subject to dismissal for

---

[1] The court notes that the inmate number of the plaintiff in these Southern District Cases, which appears to correspond to the Broward County Jail, does not match Plaintiff's current inmate number within the Florida Department of Corrections.  While this may suggest that the court has not made a foolproof determination that these previous cases are from the same Plaintiff, the court notes not only that the name of the respective plaintiffs is the same, but also the handwriting and signature, which is distinctive, is one and the same.  The undersigned is no handwriting expert, however, and therefore allows that, if due to sizable coincidence all of the aforementioned cases are **not** from the same individual, Plaintiff may come forward with Objections to the Report and Recommendation and notify the court to that effect.

reasons provided in the instant Report, it would have been subject to dismissal under the three strikes provision of U.S.C. 28 U.S.C. § 1915(g).  *See* <u>Dupree v. Palmer</u>, 284 F.3d 1234 (11th Cir. 2002); <u>Vanderberg v. Donaldson</u>, 259 F.3d 1321, 1324 (11th Cir. 2001).  Thus, this case is emblematic of the importance of disclosure of previous cases.

The court has authority to control and manage matters such as this pending before it, and Plaintiff's pro se status does not excuse him from conforming to acceptable standards in approaching the court.  If the court cannot rely on the statements or responses made by the parties, the quality of justice is threatened.  The court will not tolerate false responses or statements in any pleading or motion filed before it.  Here, Plaintiff falsely responded to questions on the complaint form, as detailed above.  Plaintiff knew, or from reading the complaint form should have known, that disclosure of his prior actions was required and that dismissal of this action may result from his untruthful answers.[2]  If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form.  Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the

---

[2] Indeed, section IV of the complaint form includes the following notice:  "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." (*see* ECF No. 14 at 4) (emphasis and capitalization in original).

Case No: 5:17cv32/MCR/EMT

court might be confronted with widespread abuse from its many prisoner litigants. Therefore, this court should not allow Plaintiff's false responses to go unpunished.

The court recommends that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this cause <u>without prejudice</u>.[3]  *See*, *e.g.*, <u>Hanson v. McCaul</u>, No. 4:09cv126-SPM/WCS, 2009 WL 3010481, at **1–2 (N.D. Fla. Sept. 16, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose two federal cases (both of which were previously dismissed for failure to comply with court orders) on complaint form which required prisoner litigants to list all other cases that plaintiff had previously initiated in state and federal court); <u>Thomas v. Ammons</u>, No. CV409-139, 2009 WL 5174109, at **1–3 (S.D. Ga. Dec. 23, 2009) (dismissing case without prejudice for prisoner plaintiff's failure to disclose four federal cases (two of which were previously dismissed for failure to comply with court orders and the other two were previously voluntarily dismissed by plaintiff) on complaint form which demanded litigation information regarding "any lawsuits brought in federal court . . ."). Plaintiff should also be warned that such false responses, filed herein or filed in the future, will not be ignored and may result in more severe and long-term sanctions. *See* <u>Warren v. Guelker</u>, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam)

---

[3] Dismissal without prejudice is not too severe a sanction under these circumstances. Plaintiff is free to re-file if he so chooses. *See* Order of Dismissal, <u>Spires</u>, No. 3:00cv249-RH (N.D. Fla. Oct. 27, 2000).

(pro se, in forma pauperis prisoner's misrepresentation about previous lawsuits may violate Rule 11).

Accordingly, it respectfully **RECOMMENDED**:

That this cause be **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) as malicious and that Plaintiff be assessed a "strike" under 28 U.S.C. § 1915(e).

At Pensacola, Florida, this 6th day of June 2018.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**